**Rahel ARON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71302.

INS No. A72–688–647.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 21, 2002.

---

Before HAWKINS, GRABER, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM *

Rahel Aron's contention that she fears persecution if she is forced to return to Ethiopia is supported by compelling evidence. Aron presented facts sufficient to meet both the subjective and objective prongs of the "well-founded fear" standard for asylum eligibility. *See Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996).

Aron testified that she subjectively fears persecution based on her political activism as a member of the All–Amhara People's Organization ("AAPO"), and that testimony was found to be credible. As for the objective reasonableness of her fear, uncontradicted evidence that Aron's siblings and friend were persecuted in Ethiopia while Aron was in the United States compels the conclusion that Aron's fear of future persecution is well-founded.

Aron's brother, sister, and friend suffered severe persecution-including beatings, lengthy incarcerations and rape-as a result of their activities in the AAPO, which were similar in nature to Aron's. The reports of their persecution are consistent with State Department country reports, which acknowledge the possibility of prolonged detainment and harsh treatment for members of opposition political parties in Ethiopia. Further, her brother and sister were granted asylum in the United States. That those close to her were persecuted after Aron had already left for the United States is a telling indication that government officials' continued interest in Aron has potentially severe consequences.

Given this evidence, it is clear that "no reasonable factfinder could fail to find the requisite fear of persecution." *Fisher,* 79 F.3d at 961 (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

PETITION GRANTED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

